J-S17006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JULIUS BUTCHER, | |
| Appellant | No. 3818 EDA 2015 |

Appeal from the Judgment of Sentence Entered September 1, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0005635-2011

BEFORE:  BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED JUNE 08, 2018**

Appellant, Julius Butcher, appeals from the judgment of sentence of an aggregate term of 25 to 50 years' incarceration, followed by 10 years' probation, imposed after he was convicted of various offenses, including rape of a child.  On appeal, Appellant challenges the trial court's denial of his motion to dismiss under Pa.R.Crim.P. 600, the sufficiency of the evidence to sustain his convictions, the discretionary aspects of his sentence, and his designation as a sexually violent predator (SVP).  After careful review, we affirm Appellant's judgment of sentence in part, reverse in part, and remand for further proceedings.

In June of 2011, Appellant was arrested and charged with various offenses after his 10-year-old son accused him of multiple instances of sexual assault over the course of approximately five years.  Specifically, during a

forensic interview of the victim, he claimed "that Appellant had 'put his wee wee in [the victim's] butt' on several occasions when they lived at three different homes since [the victim] was five (5) years old." Trial Court Opinion (TCO), 6/28/17, at 28.

Appellant proceeded to a jury trial in October of 2014, at the close of which he was convicted of two counts each of rape of a child (complainant less than 13 years of age), and aggravated indecent assault of a child (complainant less than 13 years of age).[1] Appellant was also found guilty of single counts of incest of a minor, endangering the welfare of children, corruption of minors, and terroristic threats.[2]

On May 13, 2015, the trial court conducted an SVP hearing. On August 10, 2015, the court issued an order and accompanying opinion deeming Appellant an SVP. On September 1, 2015, the court sentenced Appellant to the aggregate term stated *supra*. Appellant filed a timely post-sentence motion and, after a hearing, the court denied that motion on December 3, 2015. Appellant filed a timely notice of appeal. The trial court then ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On January 8, 2016, Appellant filed a concise statement raising various claims, and requesting that he be permitted to file a supplemental Rule 1925(b) statement when the transcripts were available to him. The court

---

[1] 18 Pa.C.S. § 3121(c) and 18 Pa.C.S. § 3125(b), respectively.

[2] 18 Pa.C.S. § 4302(b), 18 Pa.C.S. § 4304(a)(1), 18 Pa.C.S. § 6301(a)(1), and 18 Pa.C.S. § 2706(a)(1), respectively.

issued an order permitting Appellant to file a supplemental concise statement, which Appellant did on February 1, 2016. The court then issued its Rule 1925(a) opinion on June 28, 2017.

On appeal, Appellant presents four issues for our review, which we have reordered for ease of disposition:

1. The trial court erred in denying Appellant's Rule 600 motion.

2. The evidence was insufficient as a matter of law and did not support [the] convictions beyond a reasonable doubt of rape, aggravated indecent assault, and incest[.]

3. Appellant challenges the discretionary aspects of sentencing. The trial court erred in sentencing Appellant to a sentence that was excessive under the circumstances. The sentence was consecutive and exceeded the guidelines without appropriate justification.

4. The trial court erred in finding Appellant to be a[n SVP.]

Appellant's Brief at 13 (unnecessary capitalization omitted).

Appellant first contends that the trial court erred by denying his pretrial Rule 600 motion to dismiss. Initially, the trial court deemed this issue waived, as Appellant failed to state it with sufficient specificity in his Rule 1925(b) statement. In particular, in Appellant's initial concise statement filed on January 8, 2016, he stated, "[t]he [t]rial [c]ourt erred in denying Appellant's Rule 600 motion[,]" after which he asserted that he would "supplement this issue when the notes [of testimony] are received." Pa.R.A.P. 1925(b) Statement, 1/8/16, at 2 (unnumbered). However, when Appellant filed his supplemental Rule 1925(b) statement on February 1, 2016, he did not set forth any Rule 600 claim. Consequently, the trial court deemed this issue

waived based on the vague nature in which Appellant asserted it in his first concise statement. *See* TCO at 28.

We agree with the trial court's waiver decision. This Court has declared that "[i]f a Rule 1925(b) statement is too vague, the trial judge may find waiver and disregard any argument." *Commonwealth v. Reeves*, 907 A.2d 1, 2 (Pa. Super. 2006) (citation omitted). Moreover, "[w]hen a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails [to] adequately … identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues." *Id.* (quoting *Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa. Super. 2006)).

Here, the trial court conducted a Rule 600 hearing, at which Appellant raised various arguments as to why a violation of that rule had occurred in his case. However, in his Rule 1925(b) statement, he fails to identify which of those arguments the court erred by rejecting. Thus, given this record, we discern no abuse of discretion in the court's conclusion that Appellant waived his Rule 600 issue due to his lack of specificity.[3]

_____

[3] In any event, we would deem Appellant's Rule 600 issue meritless. In his brief to this Court, Appellant concludes that there were "537 days of non-excludable time that … passed since the case's initiation" and, therefore, "the charges against [Appellant] must be dismissed with prejudice." Appellant's Brief at 24. Notably, Appellant provides no discussion of "whether the Commonwealth exercised due diligence, and whether the circumstances occasioning the delay of trial were beyond the Commonwealth's control." *Commonwealth v. Bradford*, 46 A.3d 693, 701 (Pa. 2012) (citation

In Appellant's second issue, he asserts that the evidence was insufficient to convict him of rape, aggravated indecent assault, and incest. Initially, this Court has declared that,

> [t]he standard we apply in reviewing the sufficiency of the evidence is whether viewing all evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of the witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Troy*, 832 A.2d 1089, 1092 (Pa. Super. 2003) (citations omitted).

Appellant contends that each of his convictions of rape, aggravated indecent assault, and incest, requires proof of "penetration." Appellant's Brief

---

omitted). The Commonwealth has included a discussion of its diligence in its appellate brief. *See* Commonwealth's Brief at 28-29. In light of Appellant's failure to present any meaningful, contrary discussion, we would conclude that he has failed to demonstrate that the trial court abused its discretion in denying his Rule 600 motion to dismiss. *See Bradford*, 46 A.3d at 700 ("When reviewing a trial court's decision in a Rule 600 case, an appellate court will reverse only if the trial court abused its discretion.") (citation omitted).

at 26. According to Appellant, the Commonwealth failed to prove this element, as the victim's testimony only demonstrated that Appellant placed his "penis in or on the butt cheek" of the victim, rather than into the victim's anus. *Id.* Appellant points to the following testimony by the victim in support of this claim:

> [The Commonwealth:] After … your pants were down and his pants were down, you have to tell us exactly what happened next. What happened?
>
> [The Victim:] He put his dick in my butt.
>
> …
>
> [The Commonwealth:] When you said it went into your butt, was that on the outside of your body or the inside of your body?
>
> [The Victim:] It would go inside my body, but not all the way.
>
> [The Commonwealth:] What do you mean by that?
>
> [The Victim:] Like it wouldn't go in like all the way in my butt. That's how it felt.
>
> [The Commonwealth:] Okay. But you did feel it?
>
> …
>
> [The Victim:] Yes.
>
> [The Commonwealth:] Okay. Now, a butt has cheeks and then it has a hole.
>
> …
>
> **When you say it went inside, did it go inside the cheeks, the hole, or something else?**
>
> [The Victim:] **Inside the cheeks.**
>
> [The Commonwealth:] **And did it go inside the hole, too?**
>
> [The Victim:] **I don't think so.**
>
> [The Commonwealth:] Okay. Did it go inside your butt at all?

[The Victim:] Yes.

N.T. Trial, 10/21/14, at 21-23 (emphasis added).

While the above-emphasized statements could support a conclusion that Appellant's penis did not enter the victim's anus, other portions of the victim's testimony support the opposite determination. For instance, in the above-quoted passage, the victim said that Appellant's penis went 'inside his body,' and 'into his butt.' Furthermore, this testimony by the victim concerned abuse that occurred while Appellant and the victim lived at one residence; however, the victim then went on to discuss abuse that occurred while he and Appellant resided in two other, subsequent homes. In describing those later instances of abuse, the victim testified that Appellant, "sticked [*sic*] his dick in my butt," *id.* at 30; that Appellant's penis went "on the inside" of his body, meaning "halfway in [his] butt[,]" *id.* at 31; *see also id.* at 37; and that the victim knew Appellant's penis "went inside [his] body" because the victim "felt it[,]" *id.* at 31; *see also id.* at 37. Viewing the totality of the victim's testimony in the light most favorable to the Commonwealth, as the verdict winner, we conclude that the jury could have reasonably inferred that Appellant's penis penetrated the victim's anus. Accordingly, Appellant's attack on the sufficiency of the evidence to sustain his rape, aggravated indecent assault, and incest convictions fails.

Next, Appellant challenges the discretionary aspects of his sentence.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant

challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 912–13.

**Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010)).

Appellant has included a Rule 2119(f) statement in his brief, wherein he asserts that the trial court erroneously imposed what amounts to a life sentence of incarceration, based only on testimony during the SVP hearing that Appellant suffers from a "life-long condition," from which his "chance of rehabilitation … is nil." Appellant's Brief at 48, 53. Appellant also maintains that "[t]he fact that he was sentenced to consecutive sentences[,] which

raised the aggregate sentence to an excessive level in light of the criminal conduct at issue in [this] case[,] raises a substantial question." *Id.* at 48.

Even if we considered Appellant's claims as constituting substantial questions for our review, the record demonstrates that these arguments were not preserved below. Specifically, Appellant did not present these claims in his post-sentence motion; instead, he argued that the court erred by imposing what is essentially a life term of incarceration because Appellant has physical injuries and 'ailments' that call for a lesser term of imprisonment. *See* Post-Sentence Motion, 9/8/15, at 2 (unnumbered). Additionally, at the hearing on Appellant's post-sentence motion, his counsel reiterated this same argument, asking the court to reconsider Appellant's sentence and take into account "the fact that [Appellant] has had numerous ailments since his incarceration way back in 2011." N.T. Hearing, 11/2/15, at 8. Counsel then detailed the various injuries and illnesses from which Appellant allegedly suffers, *id.* at 8-9, and asked the court to run Appellant's sentences concurrently rather than consecutively, *id.* at 10.

From this record, it is apparent that Appellant did not argue that the court impermissibly sentenced him to a life term of imprisonment based only on testimony at the SVP hearing that he suffers from a 'condition' from which he cannot be rehabilitated. He also did not argue that his conduct in this case did not warrant the consecutive sentences imposed by the court. Therefore, these arguments are waived. *See Commonwealth v. Mann*, 820 A.2d 788 (Pa. Super. 2003) (issues challenging the discretionary aspects of sentence

must be raised in post-sentence motion or by raising claim during sentencing proceedings; absent such initiative, objection to the discretionary aspects of sentence waived on appeal).

Notwithstanding the waiver of these claims, we would discern no abuse of discretion in the sentence fashioned by the trial court. The court explains the rationale underlying its sentence, as follows:

> In this case, [c]ounsel for Appellant requested that the court modify the sentence to run the sentences concurrent to one another. Counsel argued on behalf of Appellant that the aggregate sentence of twenty-five (25) to fifty (50) years' incarceration amounted to a life sentence given Appellant's age and health. When permitted the opportunity to expand on [c]ounsel's argument, Appellant again blamed his wife, and asserted a lack of evidence to support the convictions because the physical examination results were normal and he has nine other children who have not complained of abuse.

> In sentencing Appellant, the [court] provided a list of considerations in fashioning the sentence. These considerations included Appellant's health, the PSI report, his letter to the court received on July 21, 2015, his statement by way of allocution, [the victim's] credible trial testimony and other trial evidence, the SVP hearing, the victim impact testimony by [the victim's] mother and Appellant's wife, Appellant's criminal history, Appellant's need for rehabilitation, deterrence, counsel's well-made arguments, and the sentencing guidelines. The court notes, again, that Appellant's aggregate exposure on these convictions amounted to seventy-three and one half (73½) to one hundred and forty-seven (147) years of incarceration.

> It is also important to note that the court sentenced Appellant entirely within the sentencing guidelines and set forth by the Pennsylvania Commission on Sentencing. Appellant received standard range sentences on four (4) of the convictions, a mitigated range sentence on two of the convictions[,] and a determination of guilt without further penalty on two of the convictions. The court exercised its considerable discretion in fashioning consecutive sentences based upon the [court's]

- 10 -

involvement in this case, including pretrial proceedings, trial proceedings[,] and post-trial proceedings. The serious[ness] of these offenses committed by Appellant upon his son in their own home and the effect they have had, and will continue to have, on this young man's life may never be fully known, understood or appreciated. After careful consideration and a conscientious review, this court asks that the sentence imposed be affirmed.

TCO at 34-36.

The court's thorough explanation of the factors it considered in fashioning Appellant's sentence undercuts his argument that the court premised his 'life sentence' only on testimony that he suffers from 'a condition' that cannot be rehabilitated. Therefore, even had Appellant preserved this claim below, we would conclude that it is meritless.

Lastly, Appellant argues "that the trial court erred in finding him to be a[n SVP] and for failing to put sufficient findings of fact and conclusions of law on the record." Appellant's Brief at 36. Essentially, Appellant challenges the sufficiency of the evidence to demonstrate that he is an SVP. However, we need not address the merits of Appellant's argument, as we *sua sponte* conclude, for the reasons stated *infra*, that the court's August 10, 2015 order designating Appellant an SVP under Pennsylvania's Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.42,[4] constitutes an illegal sentence that must be reversed. ***See Commonwealth v. Butler***, 173 A.2d 1212, 1215 (Pa. Super. 2017) (concluding that the issue discussed, *infra*, implicates the legality of a defendant's sentence).

_____

[4] We recognize that SORNA was recently amended on February 21, 2018, by H.B. 631, 202 Gen. Assem., Reg. Sess. (Pa. 2018), Act 10 of 2018.

In ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017), our Supreme Court held that the registration requirements under SORNA are punitive, thus overturning prior decisions deeming those registration requirements civil in nature. ***Id.*** at 1218. Recently, this Court ruled that,

> since our Supreme Court has held [in ***Muniz***] that SORNA registration requirements are punitive or a criminal penalty to which individuals are exposed, then under ***Apprendi*** [***v. New Jersey***, 530 U.S. 466 (2000),] and ***Alleyne*** [***v. United States***, 133 S.Ct. 2151, 2163 (2013)], a factual finding, such as whether a defendant has a "mental abnormality or personality disorder that makes [him or her] likely to engage in predatory sexually violent offenses[,]" 42 Pa.C.S.[] § 9799.12, that increases the length of registration must be found beyond a reasonable doubt by the chosen fact-finder. Section 9799.24(e)(3) identifies the trial court as the finder of fact in all instances and specifies clear and convincing evidence as the burden of proof required to designate a convicted defendant as an SVP. Such a statutory scheme in the criminal context cannot withstand constitutional scrutiny.

***Butler***, 173 A.3d at 1217-18. Accordingly, the ***Butler*** panel held that 42 Pa.C.S. § 9799.24(e)(3) is unconstitutional. ***Id.*** at 1218.

In light of ***Butler***, we are compelled to conclude that the August 10, 2015 order deeming Appellant an SVP under that subsection of SORNA is illegal. ***See id.*** Accordingly, we reverse that order, and remand Appellant's case for the trial court to determine what, if any, registration requirements apply to Appellant. In all other respects, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed in part, reversed in part. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/18